IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01849-PAB-KLM

AIRQUIP, INC.,
KELLY DASILVA, and
NICOLE GRAY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

HOMEADVISOR, INC.,
IAC/INTERACTIVECORP,
DOES 1 THROUGH 10,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Tim Davidson's Notice of Intervention/ Brief [Docket No. 89], which the Court construes as a motion to intervene.[1] The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

On July 19, 2016, plaintiff Airquip, Inc. filed its class action complaint against defendants. On November 14, 2016, plaintiffs filed an amended complaint adding Kelly DaSilva and Nicole Gray as named plaintiffs. Docket No. 32. Plaintiffs allege that defendants engaged in fraudulent practices related to the sale of leads for business services. Docket No. 32 at 4-13, ¶¶ 1-22. As a result of this alleged conduct, plaintiffs present five claims against defendants: racketeering, violations of the Colorado

---

[1] Because Mr. Davidson is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Consumer Protection Act, fraud or fraudulent concealment, breach of implied contract, and unjust enrichment or restitution. Docket No. 32 at 108-123, ¶¶ 270-326. Tim Davidson has filed a motion to intervene in this lawsuit pursuant to Fed. R. Civ. P. 24. Docket No. 89.

Rule 24 provides, in pertinent part, that a "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," Fed. R. Civ. P. 24(a)(2),[2] and that a "court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In regard to intervention as of right pursuant to Rule 24(a)(2), the Tenth Circuit has summarized the requirements as: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties." *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (citations, quotation marks, and alteration omitted). "[R]epresentation is adequate 'when the objective of the applicant for intervention is identical to that of one of the parties.'" *City of Stilwell, Okl. v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986)).

---

[2]Although he relies upon Rule 24(a)(1), Davidson fails to identify a federal statute that gives him an "unconditional right to intervene." Fed. R. Civ. P. 24(a)(1).

Mr. Davidson states that he was sold 230 leads by defendant HomeAdvisor from July, 2016 to March, 2017. Docket No. 89 at 1. There is no dispute that Mr. Davidson's motion for intervention is timely and that he claims an interest related to the same subject matter that forms the basis for the pending class action. Docket No. 91 at 1-2. However, Mr. Davidson does not allege that his interest in this matter may be impaired or that the existing parties do not represent his interests. Plaintiffs' counsel states that they corresponded with Mr. Davidson several times and, after conducting a routine intake, informed him that, based on the nature of his dispute with HomeAdvisor, he should consider retaining his own counsel to ensure that his interests are not jeopardized. Docket No. 91-1 at 2-3, ¶ 6. The correspondence also made clear that plaintiffs' counsel did not represent Mr. Davidson. *Id.* Mr. Davidson responded "It's no problem . . . . I will file similar case [in Arkansas]." *Id.* at 3, ¶ 7.

Mr. Davidson does not explain why he is now unable to proceed independent of the class action. While Mr. Davidson conclusorily states that he is "So Situated, to be Adversely Affected," Docket No. 89 at 2, he does not explain how he will be prejudiced if the class action is allowed to proceed. Mr. Davidson appears to be raising nearly identical claims to those of the named plaintiffs, which strongly suggests that the existing parties adequately represent his interests. *See City of Stilwell*, 79 F.3d at 1042. In the event that a class is certified, Mr. Davidson is free to opt out if he feels that his interests are inadequately represented by the named plaintiffs.

The Court finds that Mr. Davidson has not shown that his interests will be impaired if he is not allowed to intervene or that the named plaintiffs do not adequately represent his interests. It is therefore

**ORDERED** that Tim Davidson's Notice of Intervention/ Brief [Docket No. 89], construed as a motion to intervene, is denied.

DATED August 16, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge