IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01849-PAB-KLM

AIRQUIP, INC., on behalf of itself and all others similarly situated,
KELLY DASILVA, and
NICOLE GRAY,

    Plaintiffs,

v.

HOMEADVISOR, INC.,
IAC/INTERACTIVECORP, and
DOES 1 through 10,

    Defendants.

_____

**ORDER APPOINTING MASTER FOR DISCOVERY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Notice and Order Regarding Appointment of Master [#119]. Professor Grossman (hereafter, the "Master") has provided an affidavit affirming that she is not aware of any ground for disqualification pursuant to 28 U.S.C. § 455. *Aff. of Maura R. Grossman* [#119] at 3; Fed. R. Civ. P. 53(b)(3)(A). As required by Fed. R. Civ. P. 53(b)(1), the Court has given the parties notice, *see* [#119], and an opportunity to respond.

    On April 6, 2018, Defendants filed an Objection to Recommendation for Appointment of Special Master [#125] (the "Objection"). Defendants object for the following reasons: "(1) Defendants are not of the belief that discovery disputes cannot be effectively and timely addressed by the assigned Magistrate Judge; (2) Defendants do not believe any especially complicated, contentious or intractable discovery disputes between the parties exist or are

likely to occur during the remaining discovery window in this case; and (3) Defendants are concerned about the substantial expenses that would be borne by the parties in connection with the proposed appointment." *Obj.* [#125] at 1-2.

The Court finds these arguments unpersuasive. Contrary to Defendants' representation that they do not believe that there will not be many remaining discovery issues requiring Court intervention, the parties recently filed a Joint Motion for Continuance of Case Management Deadlines [#120] requesting a hearing to discuss resetting current discovery deadlines because the parties are not in agreement with respect to the deadlines that need to be set. Furthermore, Defendants state that they have not yet completed ESI document production, and Plaintiffs represent that they anticipate additional document requests and believe that there will be disputes arising from Defendants' withholding of certain documents once a privilege log has been provided. *Motion* [#120] at 2-3. Thus, it appears that future Court intervention is quite likely. Even if it turns out that Defendants are correct that the parties will not need Court assistance to resolve remaining discovery issues, then they will not need to seek the Master's services and there is no harm in having her available. Defendants' concern regarding Professor Grossman's compensation lacks merit, as the Court is setting a reasonable rate at $500 per hour, which is lower than the $850 per hour rate that Defendants find objectionable.

Lastly, the Court rejects Defendants' proposal that the Master's fees be paid by the party who raises a discovery dispute, regardless of the merits of the issue. Such an arrangement would be unfair and could encourage further delays. For example, a requesting party with a meritorious argument ultimately would be penalized for utilizing the proper avenues to seek discovery to which they are entitled.

Consistent with Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the parties and protected against unreasonable expense or delay. The Court has further considered any objections raised by the parties. Accordingly,

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 53, Maura R. Grossman is **APPOINTED MASTER** for the purpose of managing and supervising discovery and resolving discovery disputes until further order of this Court.

IT IS FURTHER **ORDERED** that:

1. The Master shall convene such hearings or direct the submission of motions and briefs relating to discovery disputes as the Master deems appropriate and shall issue orders resolving such disputes.

2. The Master shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters as set forth above and shall have the authority to take all appropriate measures to perform the assigned duties as set forth above. The Master may, by order, impose upon a party any sanction other than contempt and may recommend a contempt sanction against a party and contempt or any other sanction against a non-party.

3. The parties shall not engage in any *ex parte* discussions with the Master and the Master shall not engage in any *ex parte* discussions with any of the parties. The Master may engage in *ex parte* discussions with the undersigned.

4. The parties are no longer obligated to comply with Magistrate Judge Mix's discovery procedures. All discovery disputes shall be addressed by filing the appropriate

motion (and subsequent briefing) on the Court's docket.  Magistrate Judge Mix will refer appropriate discovery motions to the Master.  All filings must comply with the applicable Federal and Local Rules.  The parties shall file on the docket all papers filed for consideration by the Master.  The Master shall also file on the docket all orders and reports.

5.  Any party seeking review of any ruling by the Master shall file objections pursuant to Fed. R. Civ. P. 53(f)(2).  All such objections will be resolved by Magistrate Judge Mix.

6.  The Master shall be reimbursed by the parties for all reasonable fees and expenses incurred.  As to any particular portion of the proceedings necessitated by the conduct of one party, the Master may assess fees and expenses of that portion of the proceedings to the responsible party.  It is in the discretion of the Master to allocate the fees and expenses between the parties.

7.  The Master shall be paid $500.00 per hour for work done pursuant to this Order.  The Master shall bill the parties on a monthly basis for fees and disbursements.  Payment to the Master by the parties shall be due upon receipt.  The Court may impose sanctions against any party who fails or refuses to pay the fees and expenses assessed by the Master.

Dated:  April 9, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge