IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01849-PAB-KLM

AIRQUIP, INC.,
KELLY DASILVA, and
NICOLE GRAY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

HOMEADVISOR, INC.,
IAC/INTERACTIVECORP, and
DOES 1 THROUGH 10,

    Defendants.

_____

# ORDER
_____

This matter is before the Court *sua sponte*. This case is related to another case pending in this District, *Costello v. HomeAdvisor, Inc.*, Case No. 18-cv-01802-WJM-MEH. After careful review of the pleadings in each of these cases and for the reasons detailed below, I conclude that consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

## I. BACKGROUND

Plaintiff Airquip, Inc. filed this class action lawsuit on July 19, 2016. Docket No. 1. The operative complaint asserts five claims on behalf of plaintiffs and all others similarly situated: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.*; (2) violations of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*; (3) fraud/fraudulent

concealment under Colorado law; (4) breach of implied contract under Colorado law; and (5) unjust enrichment under Colorado law. See Docket No. 32 at 108-23, ¶¶ 270-326. On September 21, 2017, the Court dismissed plaintiffs' RICO and CCPA claims as to all defendants. Docket No. 104 at 21. The RICO claims were dismissed without prejudice. Id. The Court also dismissed plaintiffs' state-law claims for fraud and breach of implied contract as to defendant IAC/Interactivecorp ("IAC"). Id. On May 18, 2018, plaintiffs moved for leave to file a second amended complaint. Docket No. 131. The proposed second amended complaint (1) reasserts claims that were dismissed without prejudice in the Court's September 21, 2017 order; (2) adds five new defendants who allegedly conspired with HomeAdvisor and IAC in their fraudulent activities; (3) adds new plaintiffs to represent the subclasses asserting state claims under California, Colorado, Florida, Idaho, Illinois, Indiana, New Jersey, New York, and Ohio law; and (4) adds misappropriation claims against all defendants under the Lanham Act and similar state laws. Docket No. 131 at 3; see also Docket No. 132-2 (redlined version of proposed second amended complaint). On July 16, 2018, the same individuals who seek to be added as plaintiffs in the *Airquip* lawsuit filed a separate action (the "*Costello* action") asserting deceptive business practices and misappropriation claims on behalf of themselves and other similarly situated home services professionals against HomeAdvisor, Inc., IAC/Interactivecorp, Angi Homeservices, Inc., Crowdsteer Inc., and several John Doe defendants. See Costello v. HomeAdvisor, Inc., Case No. 18-cv-01802-WJM-MEH, Docket No. 1. On November 5, 2018, Magistrate Judge Michael E. Hegarty ordered the parties to show cause why the case should not be consolidated

with the *Airquip* lawsuit. Case No. 18-cv-01802-WJM-MEH, Docket No. 70. The parties filed their responses on November 7, 2018. *See* Case No. 18-cv-01802-WJM-MEH, Docket Nos. 71, 72.

## II. LEGAL STANDARD

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). Under Rule 42(a), a district court may consolidate related cases *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). The Court therefore considers both judicial economy and fairness to the parties in deciding whether consolidation is appropriate under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

## III. ANALYSIS

In their response to the magistrate judge's show cause order, the *Costello* defendants argue that the *Costello* lawsuit "is simply a continuation and extension" of the *Airquip* case and thus consolidation would promote judicial economy, prevent forum

shopping, and avoid the risk of inconsistent rulings on the same issues of fact and law. Docket No. 72 at 1-2. The *Costello* plaintiffs oppose consolidation, arguing that the *Costello* case involves plaintiffs, claims, and legal issues that are not presently before the Court in *Airquip.* Docket No. 71 at 7-8. Plaintiffs contend that consolidation at this time will only "cause confusion and possible unnecessary and unfair delay in *Airquip*, contrary to judicial efficiencies and justice to the parties." *Id.* at 9.

The Court has reviewed the parties' filings in both cases and concludes that consolidation is appropriate. As defendants state in their response, the *Costello* action is merely a continuation of the *Airquip* case. Both cases involve the same defendants and arise from a substantially similar set of facts, namely, HomeAdvisor, Inc.'s alleged practice of charging home service providers additional fees for sham or low-quality leads on new business opportunities. *Compare* Docket No. 32 at 6-9, ¶¶ 8-12 (*Airquip* first amended complaint), *with* Case No. 18-cv-01802, Docket No. 1 at 24-27, ¶¶ 36-40 (*Costello* complaint).[1] Additionally, the complaint filed in *Costello* includes the same claims and parties that would be added to the *Airquip* action by the proposed second amended complaint. *Compare* Docket No. 132-1 (*Airquip* proposed second amended complaint), *with* Case No. 18-cv-01802, Docket No. 1 (*Costello* complaint); *see also* Docket No. 175 at 2 (noting that the "*Costello* claims are brought on behalf of classes that may overlap with the class alleged in [the *Airquip* action], and raise some of the

---

[1] As the *Airquip* plaintiffs note in their motion for leave to amend, the "factual allegations related to the New Plaintiffs" in the *Airquip* action and the plaintiffs in the *Costello* action "are substantially similar to those set out in the [first amended complaint] and experienced by Plaintiffs Airquip, DaSilva and Gray." Docket No. 131 at 11.

same claims against substantially the same Defendants"). While the *Costello* plaintiffs assert that the pending motions to compel arbitration and for preliminary injunctive relief raise issues of law not presently before the Court in *Airquip*, *see* Docket No. 71 at 2, 7, these issues are peripheral to the parties' central dispute, which is substantially the same in both cases.

Consolidation would also serve the interests of judicial economy and fairness to the parties. The *Costello* plaintiffs express concern that consolidation will cause confusion and unnecessary delay in *Airquip*. *See* Docket No. 71 at 9. Given the stage of the *Airquip* proceedings, however, any minor delay caused by consolidation will not have a significant impact on the overall course of the litigation. Moreover, the *Airquip* plaintiffs have previously expressed a desire for consolidation, stating that, if the Court denied their motion for leave to amend, they would "bring [their additional] claims as a separate, but related action, and move to consolidate." Docket No. 131 at 12 n.16. Finally, any concerns about delay in *Airquip* are substantially outweighed by the Court's – and the parties' – interests in conserving resources and avoiding inconsistent rulings on the same issues of fact and law.[2] The Court will therefore exercise its authority to *sua sponte* consolidate the *Airquip* and *Costello* actions under Fed. R. Civ. P. 42(a).

**IV. CONCLUSION**

For the foregoing reasons, it is

---

[2] The Court notes that the parties have already effectively consolidated the cases for purposes of discovery. *See* Docket No. 175 (addendum to parties' Stipulated Confidentiality Agreement, Docket No. 63, allowing "the use in the *Costello* Action of all discovery produced in the *Airquip* Action"). This further supports the Court's finding that consolidation is appropriate.

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 16-cv-01849-PAB-KLM and 18-cv-01802-WJM-MEH shall be consolidated for all purposes under the caption "*In re HomeAdvisor, Inc. Litigation*." It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action No. 18-cv-01802 shall be assigned to Judge Philip A. Brimmer. It is further

**ORDERED** that Civil Action No. 18-cv-01802 shall hereafter be referred to the magistrate judge assigned to the lowest numbered case, Magistrate Judge Kristen L. Mix. It is further

**ORDERED** that all future pleadings and other papers in these consolidated actions shall be filed in this case only and shall be captioned as shown below:

---

Civil Case No. 16-cv-01849-PAB-KLM
(Consolidated with Civil Action No. 18-cv-01802-PAB-KLM)

In re HOMEADVISOR, INC. LITIGATION

---

DATED November 20, 2018.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge