# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 16-cv-01849-PAB-KLM
(Consolidated with Civil Action No. 18-cv-01802-PAB-KLM)

In re HOMEADVISOR, INC. LITIGATION

**CRAFTJACK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendant CraftJack, Inc. ("CraftJack") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CAC"). (Dkt. 279.)

**CERTIFICATE OF CONFERRAL**

Pursuant to the Court's Civil Practice Standard III.F.2.a, CraftJack certifies that counsel for the parties conferred about the bases for this motion and that Plaintiffs still intend to oppose.

**INTRODUCTION**

CraftJack is a late and inapposite addition to Plaintiffs' complaint. Despite the Court's demonstrated skepticism about Plaintiffs' unsupported RICO enterprise theory, Plaintiffs have now stretched this theory to conscript CraftJack as a RICO conspirator despite acknowledging that CraftJack directly *competes* with HomeAdvisor, Inc. ("HomeAdvisor") and has separate economic interests. Plaintiffs' only alleged basis for including CraftJack is that it sold leads to HomeAdvisor and happens to be a HomeAdvisor subsidiary. But the Court previously found that an independent third-party's routine commercial transactions cannot create a RICO enterprise, nor can mere corporate affiliation. The allegations against CraftJack show nothing more, and the RICO claim

remains deficient for the reasons this Court previously articulated.[1]  Plaintiffs' only other claim against CraftJack, for unjust enrichment, fails because Plaintiffs do not plead any specific benefit conferred on CraftJack.  The claims against CraftJack should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFFS FAIL TO STATE A RICO CLAIM AGAINST CRAFTJACK

The Court previously ruled that Plaintiffs failed to plead the threshold RICO elements of predicate "conduct" of a sufficient RICO "enterprise" against co-defendants HomeAdvisor and IAC/InterActiveCorp ("IAC"), and the numerous third parties described in the Airquip Amended Complaint.  *Airquip, Inc. v. HomeAdvisor, Inc.*, 2017 WL 4222618, at *4–6 (D. Colo. Sept. 21, 2017) (Brimmer, C.J.).  The CAC contains no allegations that would merit a different result as to CraftJack, and fails to plausibly allege either of these elements or any "pattern" of "racketeering activity."  *See id.* at 4 ("A claim for civil RICO pursuant to 18 U.S.C. § 1962 must allege: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'") (citation omitted).  Plaintiffs' attempt to repackage its previous insufficient allegations and add new members of the IAC corporate family—including CraftJack—as supposed RICO co-conspirators does not remedy the core deficiency from their prior complaint:  where "an alleged enterprise is really nothing more than a defendant corporation and its affiliates and associates conducting normal business affairs, RICO liability does not attach."  *Marlow v. Allianz Life Ins. Co. of N. Am.*, 2009 WL 1328636, at *5 (D. Colo. May 12, 2009); *see also, e.g.*, *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.,*

---

[1]  On July 19, 2016, Airquip, Inc. ("Airquip") filed a putative class action complaint bearing the above case number. (Dkt. 1). Airquip, Kelly DaSilva, and Nicole Gray filed an Amended Complaint on November 14, 2016 (Dkt. 32), which this Court dismissed in part on September 21, 2017 (Dkt. 104).  On September 25, 2019, this Court granted Plaintiffs' motion for leave to file the CAC (Dkt. 278), and the CAC was filed on the same date (Dkt. 279).

194 F.3d 1089, 1101–02 (10th Cir. 1999) (providing "nothing more than . . . regular services" and conducting activities in the "normal course of business" insufficient to invoke RICO).

### A. Plaintiffs Fail To Plead A RICO Enterprise Or CraftJack's Participation

The bases for dismissal of the RICO claim and the corporate relationships among IAC, HomeAdvisor, and ANGI Homeservices Inc. ("ANGI") are described more fully in the pending motion to dismiss by those defendants.[2] CraftJack, newly named as a defendant in the CAC, is a HomeAdvisor subsidiary and indirect IAC subsidiary, which Plaintiffs allege offers a "third-party lead generation service" for Home Improvement Service Professionals ("HSPs"). CAC ¶ 26.

Despite the fact that Plaintiffs obtained extensive discovery from both the original defendants and CraftJack (in its capacity as a third party) before filing the CAC, Plaintiffs have asserted no new allegations that warrant a different result as to CraftJack. There are no allegations that CraftJack did anything other than engage in normal business affairs, let alone that it had any involvement in the conduct of the purported criminal association-in-fact RICO enterprise. *Airquip*, 2017 WL 4222618, at *5 (noting Plaintiffs failed to allege that "any of the non-defendant entities engaged in any conduct outside their normal business practices," and made "no attempt to identify any allegations that the non-defendant entities had some part in operating or managing the affairs of the purported association-in-fact enterprise"). CraftJack's independence from the alleged criminal "enterprise" is demonstrated by Plaintiffs' own characterization of its relationship with HomeAdvisor. CraftJack is alleged merely to be one of the "over ▓ lead generator companies" in the "business of generating consumer contact information for a variety of industries," that

---

[2] CraftJack also is filing a contemporaneous joinder in the motion to dismiss filed by HomeAdvisor, IAC, and ANGI (Dkt. 284) with regard to Plaintiffs' defective RICO claim.

contract with and generate "some of the Leads" sold by HomeAdvisor. CAC ¶ 86. The relationship between HomeAdvisor and CraftJack ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

Indeed, rather than acting as a co-conspirator, Plaintiffs concede CraftJack ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ CAC ¶ 88 (emphasis added).[3] RICO "liability depends on showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (emphasis in original). The allegations against CraftJack establish only that it participated in routine business transactions ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ CAC ¶ 88. *See also Airquip*, 2017 WL 4222618, at *5 ("Even a lower rung participant 'must do more than simply provide, through its regular course of business, goods and services that ultimately benefit the enterprise.'") (citation omitted); *BancOklahoma*, 194 F.3d at 1101 ("There is no evidence suggesting the defendants directed any part of the alleged RICO enterprise. The . . . Companies did nothing more than provide their regular services . . . .").

As with HomeAdvisor and ANGI, the fact that CraftJack is an indirect IAC subsidiary is immaterial. *See* CAC ¶ 26. The RICO allegations against CraftJack and co-defendants HomeAdvisor, ANGI, and IAC establish only the normal operations of affiliated corporate entities. *See, e.g.*, *Marlow*, 2009 WL 1328636, at *6 (rejecting RICO claim where "allegations

---

[3] *See also* CAC ¶ 109 ("***CraftJack*** is essentially a competitor of HomeAdvisor") (emphasis in original).

demonstrate[d] nothing more than an enterprise, *i.e.,* the Allianz 'corporate family,' acting in the normal course of business"); *see also* Dkt. 284 at 2–7.  Plaintiffs' naked allegations that ███████████████████████████████████████████████████████████████████████████ do not support a RICO claim against it.  These conclusory allegations are contradicted by Plaintiffs' factual allegations that CraftJack is a competitor of HomeAdvisor's that interacts with HomeAdvisor by selling leads through an arm's length business relationship.  Moreover, a "parent-subsidiary corporate relationship standing alone is [not] enough to invoke RICO liability," and there are no well-pled allegations indicating how the corporate relationship between CraftJack, HomeAdvisor, and IAC furthered the alleged fraud.  *See, e.g.*, *Brannon v. Boatmen's First Nat. Bank of Oklahoma*, 153 F.3d 1144, 1145, 1149 (10th Cir. 1998).  Nor can CraftJack be liable under RICO merely because ███████████████████████████████████████████████████████████████████████████ ████████████████████ These "allegations do nothing more than define a legitimate corporate and financial relationship between" subsidiaries and their parent company, IAC, which does not suffice to state a claim under RICO.  *Brannon*, 153 F.3d at 1148; *see also, e.g.*, *In re Jamster Mktg. Litig.,* 2009 WL 1456632, at *5 (S.D. Cal. May 22, 2009) ("conduct consistent with ordinary business conduct and an ordinary business purpose" insufficient to sustain a RICO claim).

Plaintiffs also have not plausibly alleged that these defendants' routine corporate operations furthered the purported RICO enterprise's "common purpose:  to generate revenue through HomeAdvisor by signing up HSPs, and generating sham Leads and collecting money from HSPs for sham Leads."  CAC ¶ 470.  Although this Court previously held that the

5

"parent/subsidiary relationship between HomeAdvisor and IAC does not prevent a finding of distinctiveness given the allegation of an association-in-fact enterprise," *Airquip,* 2017 WL 4222618, at *5, here the only factual allegations that relate to the alleged scheme to generate revenue via sham leads are those directed at ***HomeAdvisor's*** conduct. "[N]one of those things were done by, or attributable to, the group as a whole." *Nelson v. Nelson*, 833 F.3d 965, 968 (8th Cir. 2016). Plaintiffs thus have not pleaded that CraftJack and its corporate family constitute a criminal association-in-fact enterprise, namely "a continuing unit that ***functions with a common purpose.***" *Boyle v. United States,* 556 U.S. 938, 948 (2009) (emphasis added).

### B.   Plaintiffs Have Not Pleaded Wire Fraud Against CraftJack, Or Any "Pattern" Of Racketeering Activity

Even if Plaintiffs had sufficiently alleged some association-in-fact enterprise and CraftJack's participation in it (and they have not), the CAC fails to plead wire fraud as a predicate act or any specific pattern of racketeering activity against CraftJack. The CAC entirely fails to satisfy Plaintiffs' burden to "plead facts showing: '(i) Defendants engaged in a scheme to defraud by means of false pretenses; (ii) the Defendants acted with the requisite intent to defraud; and (iii) the scheme contemplated the use of . . . wire transactions,'" as required to adequately allege a claim of wire fraud. *Airquip*, 2017 WL 4222618, at *5 (citation omitted). Actionable fraud in this context requires "(1) a representation; (2) that is false; (3) that is material; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent it be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance; (8) the hearer's right to rely on it; and (9) injury." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citation omitted). "Failure to adequately allege any one of the nine elements is fatal to the fraud claim."

6

*Id.* Moreover, allegations of wire fraud must be stated with particularity pursuant to Federal Rule of Civil Procedure 9(b). *Id.*

Plaintiffs cannot satisfy the elements of a wire fraud claim against CraftJack. Notably, CraftJack is not even mentioned in the section of the CAC titled "Wire Fraud." CAC ¶¶ 473–77. Indeed, roughly only 20 of the CAC's 1,000-plus paragraphs reference CraftJack, and none of these few allegations comes close to alleging any actionable fraud claim against it. *See, e.g.*, CAC ¶¶ 109–14. At best, Plaintiffs make the conclusory allegations that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ CAC ¶¶ 113–14. These assertions do not amount to facts plausibly suggesting the commission of any wire fraud or that CraftJack was even aware of, let alone intentionally participated in, any scheme to commit wire fraud. *See Burnett v. Amrein*, 2006 WL 2859625, at *8 (D. Colo. Oct. 3, 2006) ("The absence of specific intent to defraud is a complete defense to mail fraud."), *aff'd*, 243 F. App'x 393 (10th Cir. 2007).

In addition to satisfying the essential elements of a wire fraud claim against CraftJack, Plaintiffs must plead these allegations with particularity, which they have not done. *See Tal*, 453 F.3d at 1263. Rather, Plaintiffs again improperly use group pleading to assert allegations against the "defendants" generally, *e.g.*, CAC ¶¶ 469, 475, without alleging how CraftJack (or any other defendant) specifically committed or participated in any wire fraud, let alone any "pattern" of such alleged fraud. Such allegations are plainly insufficient to establish a wire fraud claim against CraftJack in a manner sufficient to satisfy Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Airquip*, 2017 WL 4222618, at *5 ("[P]laintiffs' RICO allegations regarding wire fraud . . . refer generally

7

to 'defendants' and make no specific allegations regarding IAC. Such allegations are insufficient to allege that IAC committed wire fraud."); *Seni ex rel. Ciber, Inc. v. Peterschmidt*, 2013 WL 1191265, at *3 (D. Colo. Mar. 22, 2013) ("Even when the enhanced pleading requirements of Rule 9(b) are not at issue, such group pleading does not provide the specificity required by *Twombly*, *Iqbal*, and related cases.").

Indeed, where the allegations are not group-pled against "defendants" generally, Plaintiffs' fraud-based allegations are all directed solely to ***HomeAdvisor's*** conduct.[4] A plaintiff cannot satisfy the pleading requirements for a RICO claim predicated on wire fraud without specifically alleging how each member of the claimed enterprise participated in a pattern of fraudulent racketeering activity. *See, e.g.*, *ZibalStar, L.C. v. Conte*, 2018 WL 1578019, at *4 (D. Utah Mar. 27, 2018) ("it is not enough to allege that a RICO enterprise conducted its affairs through a pattern of unlawful activity and that the several defendants are part of the enterprise"); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) ("The plaintiff must allege facts with respect to each defendant's participation in the fraud.") (dismissing RICO claim). Plaintiffs' allegations

---

[4] *See, e.g.*, CAC ¶ 5(a) ("***HomeAdvisor*** uses nefarious means, including abject misrepresentations and threats, to entice, coerce and persuade contractors to become HSPs"); ¶ 5(f) ("***HomeAdvisor*** exploits terminated HSPs by maintaining their online profiles in order to shamelessly generate and pilfer Leads for its current network of HSPs"); ¶ 9 ("***HomeAdvisor*** concealed the true nature of the membership programs, including the quality of the service and Leads, and absent such concealment Plaintiff Airquip would not have agreed to subscribe to a membership or pay for Leads."); ¶ 58 ("In addition to the extensive email campaigns, throughout the class period ***HomeAdvisor*** has misrepresented the Leads as follows . . . ."); ¶ 60 ("***HomeAdvisor*** has designed its business so that the only way HSPs can sign up for its service are through telephonic sales calls."); ¶ 473 ("***HomeAdvisor*** engaged in a scheme or artifice to defraud HSPs by charging them for a sham product, including bogus Leads") (emphases added).

fail to allege with particularity any fraudulent conduct by CraftJack and, therefore, the CAC fails to state a RICO claim against CraftJack.

## II. PLAINTIFFS FAIL TO STATE AN UNJUST ENRICHMENT CLAIM AGAINST CRAFTJACK

Although Plaintiffs contend that CraftJack has "profited and benefited from Plaintiffs and the Nationwide Class' purchase of the membership programs and payment for the Leads and mHelpDesk," this allegation fails to articulate a plausible claim of unjust enrichment. CAC ¶ 510. "To establish an unjust enrichment claim, the claimant 'must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation.'" *Carson v. Ocwen Loan Servicing, LLC*, 365 F. Supp. 3d 1163, 1172 (D. Colo. 2019). Plaintiffs fail to plausibly allege any of the elements of this claim.

Here, Plaintiffs do not allege that they received a single lead from CraftJack, "bogus" or otherwise, or that they conferred any specific benefit on CraftJack to their detriment. In fact, Plaintiffs do not allege they had any transaction or any interaction whatsoever with CraftJack. Rather, Plaintiffs simply allege they contracted with HomeAdvisor to buy leads and relied on HomeAdvisor's representations in doing so. *See* CAC ¶¶ 9–19, 205–28. There is no allegation that CraftJack, rather than the group-pled "Unjust Enrichment Defendants"—defined as HomeAdvisor, IAC, and ANGI, CAC ¶ 7(d)—received a benefit at Plaintiffs' expense. *See, e.g.*, *Chambers v. Cooper*, 2014 WL 561371, at *1 (D. Colo. Feb. 12, 2014) ("global, undifferentiated references to 'defendants' as a group . . . are insufficient to withstand a motion to dismiss."). Likewise, Plaintiffs' conclusory allegations that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

9

CAC ¶ 112, do not plausibly establish that Plaintiffs received any allegedly fraudulent leads from CraftJack as opposed to one of the "over ▇▇ lead generator companies" that "HomeAdvisor contracts with," *id*. ¶ 86, or that CraftJack received payment for any such "bogus" leads. *See, e.g.*, *Tan v. Det-CO, Inc.*, 2018 WL 922133, at *12 (D. Colo. Feb. 15, 2018) ("[Plaintiffs] do not articulate precisely what benefit they conferred on which Defendant, or the circumstances that make it inequitable for that Defendant or those Defendants to retain the benefit."); *Sperberg & Assocs., PC. v. MHW Props., Inc.*, 2005 WL 8169557, at *7 (D. Colo. July 25, 2005) ("the absence of a tangible benefit actually received as a result of the services rendered appears to preclude a claim based on unjust enrichment"). Thus, the CAC lacks any plausible allegation that Plaintiffs conveyed any specific benefit on CraftJack to their detriment—directly or indirectly—and thus also cannot and does not allege any circumstances of injustice. *See, e.g.*, *Cargill, Inc. v. Stafford*, 553 F.2d 1222, 1224 (10th Cir. 1977) (rejecting unjust enrichment theory where plaintiff "did not perform any services for, convey any rights to, or confer any benefit on" defendant).

### III.   PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

The claims against CraftJack should be dismissed with prejudice. A court may dismiss a plaintiff's claims with prejudice where amendment would be futile. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). A plaintiff's "repeated failure to cure deficiencies by amendments previously allowed" provides grounds to dismiss with prejudice. *Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citation omitted). The CAC's RICO claim rehashes the same meritless contentions that this Court previously rejected. *See, e.g.*, *Banks v. Freddie Mac*, 2013 WL 1182685, at *2 (D. Nev. Mar. 20, 2013) ("Plaintiff's Amended Complaint simply repeats the same allegations and relies on the same failed legal theories as the prior

Complaint").[5]  Moreover, this case has been pending for ***over three years***, during which time Plaintiffs have taken voluminous discovery and had every opportunity to uncover documents or testimony potentially relevant to CraftJack's purported liability, as to both the RICO and unjust enrichment claims.

Prior to the filing of the CAC, co-defendants HomeAdvisor, IAC, and ANGI collectively produced hundreds of thousands of documents and Plaintiffs took numerous depositions relevant to all manner of these entities' operations and commercial dealings, including with respect to CraftJack.  And while a non-party, CraftJack produced numerous documents in connection with Plaintiffs' sweeping Rule 45 subpoena.  Further discovery or leave to re-plead at this phase of the litigation will not enable Plaintiffs to plausibly allege any claim against CraftJack.  *See, e.g.*, *Volunteers of Am. of W. New York, Inc. v. Rochester Gas & Elec. Corp.*, 2014 WL 3573338, at *8 (W.D.N.Y. July 21, 2014) (dismissing claims with prejudice following multiple amendments, holding "[d]iscovery in this litigation has spanned many years, giving [plaintiff] ample opportunity to gather the information needed to make a sufficient allegation of injury-in-fact").  CraftJack therefore respectfully requests that the Court dismiss the claims against it with prejudice.

## CONCLUSION

For the foregoing reasons, CraftJack respectfully requests that the Court grant its Motion to Dismiss and enter an order dismissing this Action and all claims asserted herein as against CraftJack.

---

[5]  *See also, e.g.*, *Graham v. Rawley*, 2017 WL 2815074, at *3 (D.N.J. June 29, 2017) ("Judges Arleo and Chen have already explained to Plaintiff that certain legal theories lack merit, yet Plaintiff continues to assert these same legal theories in her amended pleadings, asserting these claims against parties with no factual basis.  Consequently, the Court concludes that any amendment would be futile.").

Respectfully submitted on this 6th day of December, 2019.

| MICHAEL BEST & FRIEDRICH LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| Stephen J. Horace<br>Alexander C. Clayden<br>Ben Roxborough<br>1776 Lincoln Street, Suite 1100<br>Denver, CO 80203<br>Phone: 720-240-9515<br>Fax: 877-398-5240<br>sjhorace@michaelbest.com<br>acclayden@michaelbest.com<br>broxborough@michaelbest.com | By: /s/ Shon Morgan<br>Shon Morgan<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>Phone: 213-443-3000<br>Fax: 213-443-3100<br>shonmorgan@quinnemanuel.com |
| Evan S. Strassberg<br>2750 E. Cottonwood Parkway, Suite 560<br>Cottonwood Heights, UT 84121<br>Phone: 801-833-0550<br>Fax: 801-931-2500<br>esstrassberg@michaelbest.com | Stephen R. Neuwirth<br>Jennifer J. Barrett<br>Robert L. Raskopf<br>Nicholas A. S. Hoy<br>Neil T. Phillips<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Phone: 212-849-7000<br>Fax: 212-849-7100<br>stephenneuwirth@quinnemanuel.com<br>jenniferbarrett@quinnemanuel.com<br>robertraskopf@quinnemanuel.com<br>nicholashoy@quinnemanuel.com<br>neilphillips@quinnemanuel.com |
| Michelle L. Dama<br>One South Pinckney Street, Suite 700<br>Madison, WI 53703<br>Phone: 608-257-3501<br>Fax: 608-283-2275<br>mldama@michaelbest.com | |

*Counsel for Defendants HomeAdvisor, Inc., IAC/InterActiveCorp,
ANGI Homeservices, Inc., and CraftJack, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, I electronically filed the foregoing **MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Gordon W. Netzorg<br>Mark W. Williams<br>Sherman & Howard, L.L.C.<br>633 17th Street, Suite 3000<br>Denver, CO 80202<br>gnetzorg@shermanhoward.com<br>mwilliams@shermanhoward.com | Andrew Ryan Shoemaker<br>Cynthia A. Mitchell<br>Shoemaker Ghiselli & Schwartz, LLC<br>1811 Pearl Street<br>Boulder, CO 80302<br>ashoemaker@sgslitigation.com<br>cmitchell@sgslitigation.com |
| Nicholas E. Chimicles<br>Kimberly M. Donaldson Smith<br>Stephanie E. Saunders<br>Mark B. DeSanto<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>One Haverford Centre<br>Haverford, PA 19041<br>nec@chimicles.com<br>kds@chimicles.com<br>ses@chimicles.com<br>mbd@chimicles.com | *Counsel for C. David Venture Management, LLC and Venture Street, LLC* |

Scott M. Tucker
Chimicles & Tikellis LLP
2711 Centerville Road, Suite 201
Wilmington, DE 19808
scotttucker@chimicles.com

*Counsel for Plaintiffs*


                              */s/ Neil T. Phillips*