IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 16-cv-01849-PAB-KAS
(Consolidated with Civil Action No. 18-cv-01802-PAB-KAS)

In re HOMEADVISOR, INC. LITIGATION

---

# ORDER

---

This matter comes before the Court on Plaintiffs' Motion For Leave To File A Second Class Certification Motion [Docket No. 677]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

## I.  BACKGROUND

The Court assumes the parties' familiarity with the background facts and procedural history in this case, which have been set forth in the Court's previous class certification order, *see* Docket No. 635, and will not be repeated here except to the extent necessary to resolve the present motion.

Plaintiffs Airquip, Inc., Kelly DaSilva, Nicole Gray, Charles Costello, Bruce Filipiak, Josh Seldner, Anthony Baumann, Kourtney Ervine, Hans Hass, Iva Haukenes, Brad and Linda McHenry, and Lisa LaPlaca (collectively the "plaintiffs") brought this class action suit on behalf of themselves and proposed classes of similarly situated home service professionals ("SPs") against defendants HomeAdvisor, Inc. ("HomeAdvisor"), IAC/InterActiveCorp, ANGI Homeservices, Inc., and CraftJack, Inc. (collectively the "defendants"). Docket No. 449 at 13. HomeAdvisor is an online marketplace that helps connect SPs with homeowners in need of home improvement services by collecting information from homeowners and selling that information to SPs

as a "lead."  *Id*. at 13-14, 20-26, 33, ¶¶ 1, 9-19, 54.  Plaintiffs allege that HomeAdvisor misrepresents the quality of the leads it sells to SPs.  *Id*. at 33-34, ¶¶ 55, 57.

On January 10, 2024, the Court granted in part and denied in part plaintiffs' motion for class certification.  Docket No. 635.  The Court certified a Nationwide Misappropriation Class and three State Misappropriation Classes, but denied plaintiffs' request to certify a Nationwide Deceptive Practices Class and nine State Deceptive Practices Classes for the states of California, Colorado, Florida, Idaho, Illinois, Indiana, New Jersey, New York, and Ohio.  *Id*. at 56-58.[1]

In declining to certify the Deceptive Practices Classes, the Court found that plaintiffs failed to establish the predominance and superiority elements under Federal Rule of Civil Procedure 23(b)(3).  *Id*. at 24-49.  As an initial matter, the Court determined that it was necessary to conduct a choice-of-law analysis at the class certification stage for plaintiffs' state common law claims.  *Id*. at 25-27.  The Court conducted a choice-of-law analysis utilizing the factors set forth in §§ 148, 188, and 221 of the Restatement (Second) Conflict of Laws (the "Restatement") and found that the home-state law of the class members applied to the state common law claims because the class members' home states have the "most significant relationship" to the claims.  *Id*. at 27-32.

For the nationwide class, plaintiffs failed to present any analysis in their class certification motion of the unjust enrichment, fraud, and aiding and abetting fraud laws of all fifty states.  *See id*. at 35.  Even considering the state law analysis that plaintiffs presented for the first time in their reply, the Court found that "plaintiffs have not

---

[1] The definitions of the proposed Deceptive Practices Classes, *see* Docket No. 635 at 11 & n.8, and definitions of the certified Misappropriation Classes, are included in the order.  *See id*. at 56-57.

2

sufficiently shown that the state law 'variations can be effectively managed through creation of a small number of subclasses grouping the states that have similar legal doctrines.'" *Id*. at 36 (quoting *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1180 (11th Cir. 2010)).  In the course of its analysis, the Court discussed the significant variations in state unjust enrichment and fraud laws.  *Id*. at 36-42.  Ultimately, the Court concluded that the "'variations in state law' for the nationwide class [would] 'swamp any common issues and defeat predominance.'"  *Id*. at 42 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741 (5th Cir. 1996)).  The Court therefore declined to evaluate the parties' arguments on whether common factual issues predominate for the nationwide class.  *Id*. at 42-43.

For the nine state classes, the Court found that plaintiffs failed to establish the predominance element because plaintiffs failed to undertake a claim-specific analysis and identify the elements of the forty-three common law and statutory claims asserted under the laws of nine different states.  *Id*. at 45-46.  The Court discussed how Tenth Circuit law requires a "claim-specific analysis," *id.* at 45 (quoting *Brayman v. KeyPoint Gov't Sols., Inc.*, 83 F.4th 823, 841 (10th Cir. 2023)), and noted that a preliminary step of the predominance analysis is determining "the elements of Plaintiffs' claims."  *Id*. (quoting *Sherman v. Trinity Teen Sols., Inc.*, 84 F.4th 1182, 1195 (10th Cir. 2023), and citing *Brayman*, 83 F.4th at 838).  The Court found that plaintiffs' failure to identify the specific elements of the forty-three claims and to identify which elements are subject to "class-wide proof" versus "individualized proof" was therefore fatal to plaintiffs' request for class certification for the nine state classes.  *Id*. (citing *Sherman*, 84 F.4th at 1195).

3

Additionally, the Court found that plaintiffs failed to establish the superiority element under Fed. R. Civ. P. 23(b)(3) because "plaintiffs have failed to show how the Court could manage a nationwide class, applying the laws of all fifty states, as well as nine state classes." *Id*. at 47-48 (collecting cases holding that the application of multiple states laws can render a class action unmanageable). The Court found that plaintiffs provided no indication as to how the Court could instruct a jury in a coherent manner. *Id*. at 48-49. Accordingly, the Court declined to certify the Deceptive Practices Classes. *Id*. at 49.

On May 30, 2024, the Court denied plaintiffs' motion for reconsideration on the class certification order. Docket No. 673. The Court rejected plaintiffs' arguments that 1) the Court erred in its choice-of-law analysis by refusing to consider plaintiffs' argument that Colorado law applies to the nationwide class based on an estoppel theory and the Terms & Conditions ("T&Cs") listed on HomeAdvisor's website, *id.* at 10; and 2) the Court should have certified the nine state classes because plaintiffs' predominance analysis satisfied Tenth Circuit precedent. *Id.* at 18. On June 13, 2024, plaintiffs filed a petition seeking interlocutory appeal of the Court's class certification order. Docket No. 674. On July 18, 2024, the Tenth Circuit denied plaintiffs' petition. Docket No. 676.

On August 20, 2024, plaintiffs filed their motion seeking leave to file a second motion for class certification. Docket No. 677. On September 10, 2024, defendants filed a response opposing the motion. Docket No. 682. On September 24, 2024, plaintiffs filed a reply. Docket No. 687.

4

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Many courts[2] will only reconsider its initial class certification ruling if "(1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is need to prevent manifest injustice or correct a clear error of law."  3 Newberg and Rubenstein on Class Actions § 7:35 (6th ed. 2024) (citation omitted); *see, e.g., Ramos v. Banner Health*, No. 15-cv-2556-WJM-NRN, 2019 WL 646082, at *1 (D. Colo. Jan. 29, 2019) ("Indeed, the Court has previously reviewed a denial of class certification under the standard for reconsideration of interlocutory orders.").  More generally, "many district courts have found that 'some justification', such as new evidence, changed circumstance, or another compelling reason is necessary for a court to revisit a prior denial of class certification."  *Signor v. Safeco Ins. Co. of Ill.*, 2021 WL 4990312, at *3 (S.D. Fla. July 20, 2021) (collecting cases).

When the parties' only justification for a successive class certification motion is that they have "now narrowed their class based on evidence they previously had access to and they cite no changed circumstances that prevented them from seeking a narrower class initially," courts have denied leave to file a successive motion.

---

[2] The Third Circuit's declination "to apply the reconsideration standard to a renewed motion for class certification" - such that "even absent new evidence or a change in law" a court can grant leave to file a successive class certification motion so long as the plaintiff "more clearly define[s]" the proposed class - constitutes a "unique minority view."  *Stemmelin v. Matterport, Inc.*, 2022 WL 4843089, at *1 (N.D. Cal. Oct. 3, 2022) (quoting *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 477 (3rd Cir. 2020) and 3 Newberg and Rubenstein on Class Actions § 7:35 (6th ed. 2022)).

*Stemmelin,* 2022 WL 4843089, at *2 (citation omitted); *see also Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) (denying plaintiffs' motion for leave to file a second motion for class certification where the "only 'changes' have been the court's denial of [plaintiffs'] first motion for class certification and denial of their motion for reconsideration"); *Evans v. Brigham Young Univ.*, 2023 WL 7496364, at *2 (D. Utah Nov. 13, 2023) (denying leave to file a second motion for class certification to redefine the class definition as to meet the "ascertainability" requirement because the plaintiff's "only reason to [seek leave] is because the court rejected a prior motion for class certification" and the court would not "permit a second bite at the apple"); *Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*, 2019 WL 3244487, at *2 (E.D. Cal. Apr. 17, 2019) (noting that the plaintiff did "not provide[] the court with any explanation for why it could not have pursued this narrowed class definition in the initial motion for class certification" and "[t]he court can only assume that [plaintiff] made a tactical decision to initially proceed with a more broadly defined class" and concluding that the court would "not provide [plaintiff] with leave to file a renewed motion for class certification, where the motion is simply an attempt to revisit this unsuccessful tactical decision"). When a plaintiff makes an "all or nothing bet on seeking class certification on the broader class . . . allowing a renewed motion would promote tactics that waste the limited resources of the Court and unnecessarily protract the litigation," *Markson v. CRST Int'l, Inc.*, 2022 WL 1585754, at *2 (C.D. Cal. Apr. 6, 2022) (internal quotations and citation omitted), and places an "undue burden on defendants." *Shasta*, 2019 WL 3244487, at *2*; see also Taylor v. Midland Nat'l Life Ins. Co.*, 2019 WL 13169890, at *4 (S.D. Iowa Sept. 27, 2019) ("failed tactical decisions and the denial of a prior motion for class certification do

6

not typically constitute changed circumstances"). "Permitting serial certification motions encourages gamesmanship and overbroad initial motions." *Stemmelin,* 2022 WL 4843089, at *1.

### III. ANALYSIS

Plaintiffs seek leave to file a second motion for class certification to narrow their Deceptive Practices Classes. Docket No. 677 at 1-2. Specifically, plaintiffs seek certification of a class of Colorado SPs and the certification of "[u]p to" eight state classes on behalf of SPs in Florida, Idaho, Illinois, Indiana, New Jersey, New York, Ohio, and California. *Id*. at 3-4. On behalf of eight state classes, for each class, plaintiffs assert either a statutory or common law fraud claim and breach of implied contract claim. *Id.*; Docket No. 678-1 at 4. On behalf of the California Deceptive Practices Class, plaintiffs seek to bring two statutory fraud claims and an implied breach of contract claim (collectively, the "Proposed State Deceptive Practices Classes"). Docket No. 677 at 1-2; Docket No. 678-1 at 4.

Plaintiffs argue that leave should be granted to file a second motion because they have demonstrated that common questions of law and fact predominate for the Proposed State Deceptive Practices Classes. Docket No. 677 at 5. They contend that there are "no superiority or manageability concerns with the Court certifying just the Colorado Deceptive Practices Class," *id*., and that the "number of any additional determinations to be made by the jury or Court" in regard to the additional state classes are "minimal." *Id*. at 5-6. They state that courts permit parties to file revised motions for class certification to address issues and deficiencies identified by the court. *Id*. at 6. Plaintiffs also argue that good cause exists to file a second class certification motion

7

and that their motion is timely. *Id.* at 8-10. Specifically, plaintiffs argue that the "Court has never issued a merits ruling that certification of *less than* the eight other State Deceptive Practices Classes, along with the Colorado Deceptive Practices Class, was unmanageable." *Id.* at 9.

Defendants argue that plaintiffs cannot identify changed circumstances that justify granting leave. Docket No. 682 at 3-8. Specifically, defendants state that "Plaintiffs now propose classes for the same nine states the Court twice considered and rejected, but asserting fewer claims, does not constitute 'changed circumstances' that warrant a do-over." *Id*. at 4. Furthermore, defendants argue that the Court did not "order[] or invite[]" plaintiffs to submit a second class certification motion. *Id.* at 5-6. Defendants contend that leave should also be denied because plaintiffs' proposed class certification motion is futile, *id.* at 8-12, and that plaintiffs' "trial plan" is not "workable." *Id*. at 12-15.

Some courts, however, have "allow[ed] plaintiffs to propose a refined class definition or different claims in an attempt to certify a different class than the one originally proposed." *Anderson Living Tr. v. WPX Energy Prod., LLC,* 2016 WL 5376325, at *9 (D.N.M. Aug. 27, 2016) (collecting cases); *see also Signor*, 2021 WL 4990312, at *4 (there are "situations where a narrower class may easily resolve issues raised in an order on class certification, where new facts or circumstances may make class treatment a more viable option"). Courts are not required to do so. Rather, "[d]istrict courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial." *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007). A court acts within its discretion in denying leave to file a

8

second motion for class certification when the plaintiffs' only justification for seeking leave is "that they have now narrowed their class based on evidence they previously had access to and they cite no changed circumstances that prevented them from seeking a narrower class initially." *Stemmelin,* 2022 WL 4843089, at *2 (citation omitted).

The Court did not certify the Deceptive Practices Classes because plaintiffs failed to meet the superiority and predominance requirements of Rule 23(b)(3). Docket No. 635 at 49. Specifically, plaintiffs failed to identify the specific elements of the state law claims and identify which elements are subject to "class-wide proof" versus "individualized proof." *Id.* at 45 (quoting *Sherman,* 84 F.4th at 1195). Furthermore, the Court found that plaintiffs did not indicate how a jury would be instructed in a coherent manner. *Id.* at 48. In determining whether to certify a Nationwide Deceptive Practices Class – and setting aside that plaintiffs waited until their reply brief to conduct an analysis of the state claims' elements – the Court found that plaintiffs did not sufficiently show that the state law variations could be managed. *Id.* at 35-36. While the Court discussed these concerns in the context of the Nationwide Deceptive Practices Class, the Court's concerns, as to whether the variances in state laws render this case unmanageable as a class action, nonetheless remain pertinent in analyzing the Proposed State Deceptive Practices Classes. Although there are nine states' laws implicated by the Proposed State Deceptive Practices Classes, rather than fifty as originally proposed, the Proposed State Deceptive Practices Classes implicate the laws of multiple states, representing nineteen different claims, and thus plaintiffs must show manageability. *See In re Prempro,* 230 F.R.D. 555, 562 (E.D. Ark. 2005) ("While this

9

case may not be a nationwide class . . . , it involves many states, and Plaintiffs failed to submit either a trial plan or jury instructions effectively demonstrating that this case could be managed as a class action, considering the laws of numerous states."). Plaintiffs submit proposed groupings of state laws, jury instructions, and a trial plan to address issues as to the manageability of this case as a class action. Docket No. 677 at 5.

The Court finds that the plaintiffs fail to demonstrate that the nineteen claims across nine states' laws can be managed as a class action because plaintiffs do not account for critical variations that defeat predominance and superiority. For instance, plaintiffs seek to bring claims for common law fraud on behalf of the Illinois, Indiana, and Ohio Proposed Deceptive Practices Classes. Docket No. 678-1 at 7. However, as plaintiffs note, Indiana law requires that a plaintiff prove fraud by preponderance of the evidence, while Illinois and Ohio law require that it be proven by clear and convincing evidence. *Id.* In their proposed jury instructions, plaintiffs fail to address how a jury would be instructed regarding the different burdens of proof. Docket No. 681 at 9 ("For the Illinois, Ohio, and Indiana SPs to recover for fraud, you must find that all of the following have been proved by clear and convincing evidence as to a Defendant"). Plaintiffs fail to account for the situation in which the jury finds that plaintiffs met their burden as to fraud under Indiana law, but not Illinois and Ohio law. *See In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 571 (S.D.N.Y. 2021) ("What is ultimately important [in analyzing predominance] is that the state laws do not vary widely on critical issues such that the elements of the claim or the burdens of proof required are different.") (alterations, internal quotations, and citation omitted).

10

Furthermore, plaintiffs fail to account for the differences in the statutes of limitations across the nine states.  "[W]e regard the law as settled that affirmative defenses should be considered in making class certification decisions."  *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000).  "Because a time bar constitutes an affirmative defense, . . . statute-of-limitations defenses are appropriate for consideration in the class certification calculus."  *Id*. (citing Fed. R. Civ. P. 8(c)).  While there is no "per se rule" that differences in statutes of limitations preclude the possibility of meeting the predominance element, there must be "a sufficient constellation of common issues [that] bind[] class members together."  *Id.* at 296.  "A statute of limitations question that can be answered by referring to objective information to determine whose claims fall inside and outside the applicable limitations period does not defeat predominance."  *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 158 (D. Md. 2022), *vacated and remanded sub nom. In re Marriott Int'l, Inc.*, 78 F.4th 677 (4th Cir. 2023), and *reinstated by In re Marriott Int'l Customer Data Sec. Breach Litig.*, 345 F.R.D. 137 (D. Md. 2023).  On the other hand, "[a] statute of limitations question . . . that can only be answered by analyzing the contents of the plaintiff's mind . . . defeats predominance."  *Id.*  (internal quotation and citation omitted).  Plaintiffs do not address whether the variances in the statutes of limitations are of a kind that would defeat predominance.  *See* Docket No. 687 at 8.  Nor do plaintiffs address how jury instructions on a statute of limitations defense would be given.  *See, e.g.*, Colo. Jury Instr., Civil 29:1 ("If there are affirmative defenses, additional instructions should be given.").  The statutes of limitations for implied breach of contract, statutory fraud, and common law fraud vary under the laws of each state.  *See* Docket No. 590-2.  The time

at which the statute of limitations begins to accrue also varies by state.  *See id.*  These differences have gone unaddressed by plaintiffs and pose concerns as to the manageability of this case, particularly as it relates to how a jury would be instructed on the affirmative defenses.  *See In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.,* 174 F.R.D. 332, 342 (D.N.J. 1997) (finding that class-wide issues did not predominate, in part, because "issues such as privity, reliance, and defendants' affirmative defenses may not be adjudicated on a class-wide basis" and "the court is compelled to apply the law of each plaintiff's home state to that plaintiff's claims, and thus class-wide disposition of the claims would essentially be impossible").

Finally, plaintiffs point to no new evidence, new legal authority, or changed circumstances that prevented them from seeking to certify the Proposed State Deceptive Practices Classes in their first motion for class certification.  Plaintiffs instead argue that "the Court has never ruled that Plaintiffs are *incapable* of meeting their burden of establishing predominance for any of the nine state Deceptive Practices Classes."  Docket No. 677 at 9; *see also* Docket No. 687 at 6 (arguing that the Court "never held that Plaintiffs are incapable of demonstrating factual predominance"). Plaintiffs had the ability, at the time of filing their first class certification motion, to ask for the certification of the Proposed State Deceptive Practices Classes and claims.  The only change in circumstances is the Court's denial of their motion for class certification, the Court's denial of their motion for reconsideration on the Court's class certification order, and the Tenth Circuit's denial of their petition for interlocutory review of the Court's class certification order.  Plaintiffs made "an all or nothing bet on seeking class certification on the broader class" and the Court will not permit them to take another bite

12

at the apple because plaintiffs' tactical decisions failed. *Markson*, 2022 WL 1585754, at *2.

Accordingly, the Court finds that plaintiffs fail to demonstrate that this case can be managed through plaintiffs' proposed class claims.[3]

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs' Motion for Leave to File a Second Class Certification Motion [Docket No. 677] is **DENIED**.

DATED March 11, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[3] Plaintiffs ask that the Court certify the Colorado class and "up to eight state classes." Docket No. 677 at 2. Plaintiffs suggest that they can meet the requirements of Rule 23(b)(3) if the Court certifies the Colorado Deceptive Practices Class and anywhere from zero to eight of the other Proposed State Deceptive Practices Classes. The Court declines to speculate as to what combination of the Proposed State Deceptive Practices Classes, if any, would meet the requirements of Rule 23(b)(3), especially in light of plaintiffs' failure to address key variances across the state laws governing their claims. *See Medicare Beneficiaries' Def. Fund v. Empire Blue Cross Blue Shield*, 938 F. Supp. 1131, 1139 (E.D.N.Y. 1996) ("Plaintiffs . . . bear the burden of establishing that their proposed class meets the requirements of Fed. R. Civ. P. 23") (citing *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977)).